UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JORGE HERNANDEZ, ALBERTO ARZU,
ALEJANDRO SAGASTUME, and WILLIAM
MENDEZ,

                Petitioners,

    -against-                                         24-cv-03457 (LAK)

TELECOM BUSINESS SOLUTION, LLC, LATAM
TOWERS, LLC, and AMLQ HOLDINGS (CAY), LTD.,

                Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

> Howard Rubin
> Gary M. Kushner
> Scott D. Simon
> GOETZ FITZPATRICK LLP
> *Attorneys for Petitioners*
>
> Michael N. Ungar
> Katherine M. Poldneff
> Ashtyn N. Saltz
> David A. Landman
> UB GREENSFELDER LLP
> *Attorneys for Respondents Telecom Business Solution, LLC and LATAM Towers, LLC*
>
> Gregg L. Weiner
> Andrew S. Todres
> Ethan R. Fitzgerald
> Daniel V. Ward
> ROPES & GRAY LLP
> *Attorneys for Respondent AMLQ Holdings (Cay), Ltd.*

2

LEWIS A. KAPLAN, *District Judge.*

This matter is before the Court on the motion[1] of Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree") and AMLQ Holdings (Cay), Ltd. ("AMLQ" and, together with Peppertree, "respondents") to dismiss the Verified Petition to Permanently Stay Arbitration[2] filed by Jorge Hernandez, Alberto Arzú, Alejandro Sagastume, and William Mendez ("petitioners"). For the reasons explained below, the motion is granted.

*Facts*

The Court assumes familiarity with the facts and procedural history of this and related cases recounted in the parties' filings[3] and prior decisions of this Court[4] and the Court of Appeals.[5] It recounts here only those facts most essential to the disposition of respondents' motion to dismiss.

Respondents are minority shareholders of Continental Towers LATAM Holdings Limited (the "Company").[6] Non-parties Terra Towers Corp. ("Terra") and TBS Management S.A.

---

[1] Dkt 22.

[2] Dkt 6-2.

[3] Dkts 24, 29, 31.

[4] *E.g.*, *Telecom Bus. Sols., LLC v. Terra Towers Corp.*, No. 22-cv-1761 (LAK), 2024 WL 689519 (S.D.N.Y. Feb. 20, 2024).

[5] *Telecom Bus. Sol., LLC v. Terra Towers Corp.*, No. 23-144, 2024 WL 446016 (2d Cir. Feb. 6, 2024) (summary order).

[6] Dkt 6-2 (petition) at ¶¶ 36–37.

("TBS") are the majority shareholders of the Company.[7] A shareholder agreement governs the relationship among the Company's owners, and it "subjects the parties (to that agreement) to 'binding arbitration' under the AAA Commercial Arbitration Rules, of 'any controversy, claim, or dispute arising out of or relating to or in connection with this Agreement.'"[8]

In February 2021, Peppertree (later joined by AMLQ[9]) filed a demand for arbitration against Terra in which it alleged that Terra had violated a forced sale provision in the shareholder agreement by blocking the sale of the company.[10] In July of that year, Peppertree and AMLQ filed an amended demand for arbitration against Terra in which it added as respondents Hernandez and Arzú — who then served as Terra directors — in their individual capacities.[11] It alleged that Hernandez and Arzú had breached their fiduciary duty to the Company.[12] Hernandez and Arzú filed a response in the arbitration. They argued that they were not parties to any arbitration agreement and objected to the tribunal's jurisdiction and authority over them.[13] Neither then nor at any time

---

[7] *Id*. at ¶ 35.

[8] *Id.* at ¶¶ 5, 35, 38; s*ee Telecom Bus. Sol., LLC*, 2024 WL 446016 at *1.

[9] *Id.* at ¶ 73.

[10] *Id.* at ¶¶ 69–83.

[11] *Id.* at ¶¶ 11–12, 84–83.

[12] Dkt 24 at 3–4.

[13] Dkt 6-2 (petition) at ¶¶ 81, 85–86.

4

before this action was commenced in May 2024 did Hernandez or Arzú seek a judicial stay.[14]

A three-member arbitration tribunal was formed in July 2021, and it quickly set to work.[15] In February 2023, the arbitrators issued a partial final award in favor of Peppertree and AMLQ directing that the Company be sold.[16] Additional awards soon followed.[17] In October 2023, the arbitrators indicated that they soon would consider the claims against the Terra directors, among others.[18] Also in October, Peppertree and AMLQ filed a consolidated amended statement of claims in which they added petitioners Alejandro Sagastume and William Mendez, who had replaced Hernandez and Arzú as Terra directors.[19] As before, Hernandez and Arzú, now joined by Sagastume and Mendez, objected to the arbitrators' jurisdiction over them in a response filed with the tribunal.[20] Neither Sagastume nor Mendez sought a judicial stay.[21]

More than six months later, on May 3, 2024, the arbitral tribunal ordered that objections to its jurisdiction be addressed in submissions filed in advance of a scheduled and now

---

[14] *Id.* at ¶ 121.

[15] *Id.* at ¶ 93.

[16] *Id.* at ¶ 100.

[17] *Id.* at ¶ 101.

[18] *Id.* at ¶ 102.

[19] *Id.* at ¶¶ 48, 103–105.

[20] *Id.* at ¶¶ 106–107.

[21] *Id.* at ¶ 121.

5

imminent July 2024 merits hearing.[22] That afternoon, Hernandez, Arzú, Sagastume, and Mendez filed in New York state court their petition to stay permanently the arbitration.[23] Respondents removed the action to this Court[24] and promptly moved to dismiss the petition.[25]

*Discussion*

I.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."[26] A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the plaintiff is entitled to relief."[27] On a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and draws all reasonable inferences in the non-movant's favor.[28]

---

[22]     Dkt 25-22 (Tribunal Procedural Order No. 2023-10) at 6; Dkt 24 at 8.

[23]     Dkt 6-2 (petition); Dkt 6-1 (state court docket sheet).

[24]     Dkt 1.

[25]     Dkt 22.

[26]     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[27]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see* Fed. R. Civ. P. 8(a)(2).

[28]     *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

6

## II.     Timeliness

### A.     *Statutory Twenty-Day Window*

Respondents argue first that the petition to stay arbitration is untimely because it was not made within twenty days of petitioners' receipt of notice of respondents' intent to arbitrate as required by New York law.  This argument is unpersuasive because N.Y. CPLR Section 7503's twenty-day time limit does not apply to petitioners.

Section 7503(b) provides that, "[s]ubject to the provisions of subdivision (c), a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with."[29]  Subdivision (c) states that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice[,] . . . or he shall be so precluded," and it goes on to prescribe the means by which service may be made and the necessary contents of that notice.[30]  Among other things, in order to be proper, the notice must alert the recipient to the twenty-day time limit.[31]

Petitioners contend that Section 7503's twenty-day limit does not apply to them because "the notice given by [respondents] does not satisfy" the statutory requirements of Section 7503(c), to wit, it did not "contain *any* 20-day notice."[32]  Although respondents assert that petitioners

---

[29] N.Y. CPLR § 7503(b).

[30] *Id.* at § 7503(c).

[31] *Id.*

[32] Dkt 29 at 21.

"have been on notice for years" that the claims against them and their defenses will be resolved, at least in the first instance, in the arbitration, respondents do not dispute that they failed to serve notice in a manner consistent with Section 7503(c).

Accordingly, as petitioners contend, the twenty-day limit does not bar petitioners' application because nothing on the face of the petition or any document incorporated by reference suggests that they received the notice required by the statute. New York law is clear that the twenty-day window is triggered by service on a petitioner of *valid* notice. "To be considered a valid notice of the intention to arbitrate, the notice must . . . contain[] the statutory 20-day warning that failure to commence a proceeding to stay arbitration will preclude an objection to arbitration ."[33] But that does not mean that petitioners are entitled to proceed at this eleventh hour to throw a monkey wrench into the arbitration.

### B. *Forfeiture*

Respondents argue in the alternative that petitioners forfeited their right to object to arbitration by waiting months or years to seek a judicial stay of the arbitration and affirmatively waived this right by participating in the arbitration. The Court agrees that petitioners forfeited their right to do so now.

"Although a party is bound by an arbitral award only where it has agreed to arbitrate, an agreement may be implied from the party's conduct."[34] Agreement to arbitrate may be implied

---

[33] *State Farm Mut. Auto. Ins. Co. v. Urb.*, 78 A.D.3d 1064, 1065, 912 N.Y.S.2d 586 (2d Dep't 2010); *accord Matarasso v. Cont'l Cas. Co.*, 56 N.Y.2d 264, 267, 436 N.E.2d 1305 (1982).

[34] *Gvozdenovic v. United Air Lines, Inc.*, 933 F.2d 1100, 1105 (2d Cir. 1991).

if "[a]n objection to the arbitrability of a claim" is not "made on a timely basis"[35] or the party "active[ly] and voluntar[ily] participat[ed] in the arbitration."[36] Respondents contend that petitioners manifested their implicit agreement to the arbitration both by failing to object to it in a timely fashion and by participating actively in the arbitration. Petitioners, needless to say, disagree.

Petitioners forfeited any right to a pre-award judicial challenge to their alleged obligation to arbitrate by waiting for months or years to seek a stay. Hernandez and Arzú have been parties to the arbitration for several years, and Sagastume and Mendez have been for more than six months. What is more, petitioners did not file this action until the eve of a merits hearing on, among other things, the very issue they seek to litigate here, which strongly suggests gamesmanship.

The gravamen of petitioners' responses is that they preserved their right to object to arbitration by objecting at the arbitral tribunal. This contention is unavailing, however, because they did not preserve the right to seek a stay in a judicial forum. Where, as here, "a plaintiff seeking a preliminary injunction . . . initially assert[ed] a jurisdictional defense in answer to the defendant's *arbitration claim*, it then proceeded to participate in merits-related discovery and motion practice before the arbitrator and waited until approximately a month before the arbitration hearing was scheduled to begin to seek judicial relief," that plaintiff "failed to preserve its objection."[37] This holding is consistent with *Pike v. Freeman*, in which the Court of Appeals indicated that a party does

---

[35] *ConnTech Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 685 (2d Cir. 1996).

[36] *Gvozdenovic*, 933 F.2d at 1105.

[37] *Clarke v. Upwork Glob., Inc.*, No. 17-cv-560, 2017 WL 1957489, at *6 (S.D.N.Y. May 10, 2017) (Nathan, *J.*) (emphasis added) (citing *Merrill Lynch & Co., Inc. v. Optibase, Ltd.*, No. 03-cv-4191, 2003 WL 21507322, at *3–5 (S.D.N.Y. June 30, 2003)).

not preserve a pre-award challenge to arbitration where it "claimed [before the arbitration tribunal] that the arbitrators had no jurisdiction over him, he did not object to the process by which the arbitrator, rather than a court, resolved the question of his status as a party to the agreement to arbitrate, did not refuse to arbitrate, and *did not seek judicial relief* from having to participate in the arbitration."[38]  In this case, petitioners challenged the arbitration panel's authority over them only *before the arbitration tribunal*, implicitly consented to the panel resolving the issue, participated in the arbitration, and did not seek judicial relief until now.  They forfeited their right to seek judicial relief, and this last minute petition for a stay must be dismissed.[39]  And, to be clear, this holding does not leave petitioners without the possibility of judicial relief should they lose on the point before the arbitration tribunal.  "Arbitrability issues that have effectively been preserved can be raised in *post*-arbitration judicial proceedings."[40]  But having forfeited their right to seek to stay the arbitration, petitioners must await the tribunal's decision and then, if necessary, raise the issue in

---

[38] 266 F.3d 78, 85 n.4 (2d Cir. 2001) (emphasis added).

[39] The cases cited by petitioners are not to the contrary.  Take, for example, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995), which petitioners say stands for the proposition that "[p]arties who make clear and consistent objections to arbitrability while participating in arbitration do not evince a clear intent to have the arbitrator decide issues of arbitrability."  Dkt 29 at 22.  Petitioners overlook the procedural posture of the case.  *First Options* involved an appeal from a district court's confirmation of an arbitration award that, among other things, *had already determined* that the arbitrators had jurisdiction over the appellants.  *See Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1512 (3d Cir. 1994), *aff'd*, 514 U.S. 938 (1995).  The Supreme Court's holding, therefore, is entirely consistent with permitting the arbitrators to resolve the question of arbitrability in the first instance.

[40] *Merrill*, 2003 WL 21507322, *4 (emphasis added) (citing *National Association of Broadcast Employees & Technicians v. American Broadcasting Company, Inc.*, 140 F.3d 459, 462 (2d Cir.1998)).

10

post-award judicial proceedings.[41]

## *Conclusion*

As the petition for a stay is untimely, the Court does not now consider the merits of petitioners' contentions with respect to the authority of the arbitrators.  Respondents' motion to dismiss,[42] however, is granted.  The Clerk shall close the case.

SO ORDERED.

Dated:     July 12, 2024

/s/ Hon. Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

---

[41] *See Nat'l Ass'n of Broad. Emps. & Technicians*, 140 F.3d at 462 ("We see no reason why arbitrability must be decided by a court before an arbitration award can be made.  If the party opposing arbitration desires that order of proceedings, it can ask a court to enjoin arbitration on the ground that the underlying dispute is not arbitrable.  If it does not seek to enjoin the arbitration, it can raise the arbitrability issue in a judicial confirmation proceeding.").

[42] Dkt 22.